IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                   Case No. 22-mj-867 GJF

IGNACIO ARREDONDO-VILLEZCAS,

    Defendant.

## ORDER OF RELEASE

This matter is before the Court on Defendant Ignacio Arredondo-Villezcas' Notice of Appeal of Detention Order (Doc. 21). The Court held a hearing on June 21, 2022, at which Assistant United States Attorney Mark Saltman appeared on behalf of the Government and Orlando Mondragon represented Mr. Arredondo-Villezcas, who was also present. The Court granted the appeal on the record at the hearing, and this Order follows that ruling.

Having considered the arguments presented at the hearing, the applicable factors outlined in 18 U.S.C. § 3142(g), and applying a *de novo* standard of review, the Court finds by a preponderance of the evidence that Mr. Arredondo-Villezcas poses a flight risk but that certain conditions will reasonably assure his appearance at court proceedings.

I.    *Standard of Review and Applicable Law*

The Court reviews the Magistrate Judge's detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Put another way, the Court must independently evaluate the factors identified in 18 U.S.C. § 3142(g), and determine whether the United States has shown, either, by clear and convincing evidence that the Defendant poses a danger to the community, or by a preponderance of the evidence that the Defendant poses a

flight risk, and that no condition or combination of conditions will reasonably mitigate these concerns. *Cisneros*, 328 F.3d at 616. In making this determination, the Court considers the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

II.     *Factual Findings*

Based on the evidence presented at the hearing, the Court finds that Mr. Arredondo-Villezcas travels to Mexico with high frequency due to his wife's medical appointments. This finding reduces, in the Court's view, Mr. Arredondo-Villezcas' risk of flight. In light of this new information, the Court finds that a combination of conditions exist which will reasonably assure Mr. Arredondo-Villezcas' appearance for these proceedings, pursuant to 18 U.S.C. § 3142(c).

III.     *Conditions of Release*

The Court orders Defendant's pretrial release subject to the following conditions:

    1.    Defendant will not commit a Federal, State, or local crime during the period of release, 18 U.S.C. § 3142(c)(A);

    2.    Defendant will cooperate in the collection of a DNA sample, if the collection is authorized by 42 U.S.C. § 14135a;

    3.    Defendant will advise the Court or pretrial services, in writing, before making any change of residence or telephone number;

    4.    Defendant will appear in court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose;

    5.    Defendant will be released into the custody a suitable third-party custodian, to be proposed by Defendant and subject to the approval of pretrial services, 18 U.S.C. § 3142(c)(B)(i);

    6.    Defendant will not travel outside his county of residence and will not travel to Mexico;

    7.    Defendant will seek pretrial services' authorization to expand travel, if necessary;

    8.    Defendant will abide by any additional restrictions imposed by pretrial services related to personal associations, place of abode, and/or travel, 18 U.S.C. § 3142(c)(B)(iv);

    9.    Defendant will avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including any potential co-defendants, 18 U.S.C. § 3142(c)(B)(v);

    10.    Defendant will report on a regular basis to the assigned pretrial services officer, 18 U.S.C. § 3142(c)(B)(vi);

11. Defendant will refrain from possessing a firearm, destructive device, or other dangerous weapon, 18 U.S.C. § 3142(c)(B)(viii);

12. Defendant will refrain from using alcohol excessively, and will not use or possess a narcotic drug or other controlled substance, as defined in 21 U.S.C. § 802, unless prescribed to the Defendant by a licensed medical practitioner, 18 U.S.C. § 3142(c)(B)(ix);

13. Defendant will report to pretrial services, as soon as possible, every contact with law enforcement personnel, including arrests, questioning, or traffic stops; and

14. Defendant will execute and submit a $10,000.00 secured bond.

IV.     *Advice of Penalties and Consequences*

Pursuant to 18 U.S.C. § 3142(h), the Court hereby reminds Defendant of the (A) the penalties for violating a condition of release, including penalties for committing an offense while on pretrial release; (B) the consequences of violating a condition of release, including the immediate issuance of a warrant for the Defendant's arrest; and (C) the penalties for intimidating a witness, juror, or officer of the court; obstructing a criminal investigation; tampering with a witness, victim, or information; and/or retaliating against a witness victim or informant.

With respect to penalties for violating a condition of release or committing on offense while on pretrial offense: a defendant "convicted of an offense committed while released [pursuant to § 3142] shall be sentenced, in addition to the sentence prescribed for the offense to—(1) a term of imprisonment not more than ten years if the offense is a felony; or (2) a term of imprisonment of not more than one year if the offense is a misdemeanor." 18 U.S.C. § 3147. "A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment." *Id.*

With respect to consequences for a violation of these conditions: a person who violates conditions of release is subject to revocation of release, an order of detention, and prosecution for contempt of court. 18 U.S.C. § 3148(a).

Defendant is subject to the penalties outlined in 18 U.S.C. §§ 1503, 1510, 1512, and 1513 if Defendant intimidates a witness, juror, or officer of the court; obstructs a criminal investigation; tampers with a witness, victim, or information; or retaliates against a witness, victim, or informant. These penalties range from imprisonment of up to five years, a fine, or both, through life imprisonment or death, depending on the nature of the offense.

V.  *Conclusion*

For the reasons explained on the record and further enumerated herein, the Court finds by a preponderance of the evidence that Mr. Arredondo-Villezcas is a flight risk. However, this risk can be mitigated by the combination of conditions described above. Subject to Mr. Arredondo-Villezcas' proposal and pretrial services' approval of a suitable third-party custodian, Mr. Arredondo-Villezcas will be released pending trial on a $10,000.00 secured bond and the conditions described above.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

5